**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

In re: Henry Hugh Johnson                           **Case No. 15-50928-FJS**
**Debtor**                                          **Chapter 13**

Address:  131 Hedgerow Lane
          Yorktown, VA 23693

Last four digits of Social Security No:        xxx-xx-8416 (Debtor)

## NOTICE OF AMENDED MOTION AND MOTION FOR
## AUTHORITY TO MODIFY EXISTING MORTGAGE

The above named Debtor has filed an Amended Motion for Authority to Modify Existing Mortgage in this bankruptcy case pursuant to Local Bankruptcy Rule 6004-4. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you want to be heard on this matter, not later than seven (7) days before the date of the hearing, you or your attorney must:

1.   File with the court, at the address below, a written response pursuant to Local Bankruptcy Rules 9013-1(H). Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the motion.  If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

                    Clerk of Court
                    United States Bankruptcy Court
                    600 Granby Street 4th Floor
                    Norfolk, VA 23510

2.   You must also mail a copy to:

                    Boleman Law Firm, P.C.
                    Convergence Center III
                    272 Bendix Road, Suite 330
                    Virginia Beach, VA 23452

If you or your attorney do not take these steps, the Court may decide that you do

Sarah R. Clarson (VSB# 78953)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor

not oppose the relief sought in the Motion and may enter an Order granting that relief. You will receive separate Notice of Hearing.

Pursuant to Local Bankruptcy Rule 6004-4, notice is hereby given that:

3. The terms of the proposed modification are as modified are as follows:

   A. The principal amount of the original loan was $352,000.00, and the principal amount of the loan immediately after modification is $341,803.21;
   B. The interest rate is applicable to the loan before modification was 6.875% and the interest rate applicable to the loan immediately after modification is 4.0%;
   C. Before modification, the maturity date was September 1, 2036 and the term was 360 months, and immediately after modification the maturity date of the loan is April 1, 2056  and the new term is 480 months;
   D. The monthly mortgage payment on the loan before modification, without including payment for any items other than principal and interest, was $1,588.31;
   E. The monthly mortgage payment on the loan immediately after modification, without including payment for any items other than principal and interest, is $1,428.53;
   F. The modified loan does not include future payment changes or balloon payments. None;
   G. The modification will result in a lower monthly payment. The Debtor will file amended schedules I and J to address the mortgage payment in his monthly budget.

Respectfully submitted,

HENRY HUGH JOHNSON
By Counsel:

 /s/ Sarah R. Clarson (VSB# 78953)
Sarah R. Clarson (VSB# 78953)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, Virginia 23452
Telephone (757) 313-3000
Counsel for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on <u>July 1 , 2016</u>, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to Debtor, the Chapter 13 trustee, to all known lienholders, and to creditors or parties in interest who have requested all notices in the case at the addresses listed below (if applicable).

 /s/ Sarah R. Clarson
Counsel for Debtor

Nationstar Mortgage LLC
8950 Cypress Waters Blvd.
Coppell, TX 75019

Audra K. DuPuch-Freeman
Attorney for Nationstar Mortgage LLC
Via ECF

Justina Martynaityte
Attorney for Ocwen Loan Servicing LLC
Via ECF

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

In re: Henry Hugh Johnson            Case No. 15-50928-FJS

**Debtor**                                       **Chapter 13**

## AMENDED MOTION FOR AUTHORITY TO MODIFY EXISTING MORTGAGE

**COMES NOW** HENRY HUGH JOHNSON (the "Debtor"), by counsel, and files

this Amended Motion for Authority to Modify Existing Mortgage pursuant to 11 U.S.C. §§

364, Federal Rules of Bankruptcy Procedure 4001(c), and Local Bankruptcy Rule 6004-

4, and affirmatively states as follows:

### Jurisdiction

1.       Jurisdiction of this Court over the instant matter is based upon 28 U.S.C.

§§1334 and 157 in that this action arises in and relates to Debtor's bankruptcy case.

2.       This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B),

(K), and (O).

3.       Venue is proper pursuant to 28 U.S.C. §1409.

### Facts of this Case

4.       On July 17, 2015 (hereinafter the "Petition Date"), Debtor filed a petition

for relief under Chapter 13 of the Bankruptcy Code.

5.       The Modified Chapter 13 plan (the "Plan") has not been confirmed by the

Court.

6.       The Plan requires payments to the Chapter 13 trustee as follows: $400.00

for thirty-six (36) months. Total plan funding is $14,400.00.

Sarah R. Clarson (VSB# 78953)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor

7.     The Debtor currently has a mortgage with Nationstar Mortgage, LLC

("Nationstar").

## Discussion

8.     Debtor seeks to modify the existing loan with Nationstar, which is secured

by real property commonly known as 131 Hedgerow Lane, Yorktown, Virginia and which

is more particularly described as

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND
BEING IN THE COUNTY OF YORK, VIRGINIA, KNOWN AND DESIGNATED AS LOT
NUMBERED NINETY-FIVE (95), AS SHOWN ON THAT CERTAIN PLAT
ENTITLED "FOXWOOD, YORK COUNTY, VIRGINIA", MADE BY JOHNSON, BAIRD &
ASSOCIATES, AND DATED OCTOBER 1, 1993, AND DULY RECORDED IN THE
CLERK'S OFFICE COURT FOR THE COUNTY OF YORK, VIRGINIA, IN PLAT BOOK
12, AT PAGES 27, 28 AND 29.

9.     Nationstar has tendered a document to Debtor detailing the terms of

proposed loan modification. Such document is attached to this motion as an Exhibit and

incorporated herein by this reference. The terms of the proposed modification are as

follows:

A. The principal amount of the original loan was $352,000.00, and the

principal amount of the loan immediately after modification is

$341,803.21;

B. The interest rate is applicable to the loan before modification was

6.875% and the interest rate applicable to the loan immediately after

modification is 4.0%;

C. Before modification the maturity date was September 1, 2036 and the

term was 360 months, and immediately after modification the maturity

date of the loan is April 1, 2056  and the new term is 480 months;

D. The monthly mortgage payment on the loan before modification,

without including payment for any items other than principal and interest is $1,588.31;

E.  The monthly mortgage payment on the loan immediately after modification, without including payment for any items other than principal and interest, is $1,428.53;

F.  The modified loan does not include future payment changes or balloon payments. None.

H.  The loan modification will result in a lower monthly payment. The Debtor will file amended schedules I and J to address the mortgage payment in his monthly budget.

G.  Any and all mortgage arrearages, including pre-petition and post-petition arrearages, if any, are dealt with as follows: all arrears are reamortized and Trustee is relieved from making payments on the arrears claim.

H.  The proposed loan modification is beneficial to Debtor because it will bring the Debtor current on all pre- and post-petition mortgage arrears and lower his monthly mortgage payment.

10.    The Motion has been amended to correct the unpaid principal balance.

WHEREFORE, for the foregoing reasons, HENRY HUGH JOHNSON respectfully requests this Honorable Court to enter an Order (1) permitting Debtor to modify the current loan with Nationstar as set forth herein, and (2) for such other and further relief as the Court deems proper.

Respectfully submitted,

HENRY HUGH JOHNSON
By Counsel:

<u>/s/ Sarah R. Clarson (VSB# 78953)</u>
Sarah R. Clarson (VSB# 78953)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, Virginia 23452
Telephone (757) 313-3000
Counsel for Debtor

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Bankruptcy Rule 6004-4, I hereby certify that on <u>July 1,</u> <u>2016,</u> I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to Debtor, the Chapter 13 trustee, and to all creditors or parties in interest who have requested all notices in the case at the addresses listed below (if applicable).

 /s/ Sarah R. Clarson     
Counsel for Debtor

Nationstar Mortgage LLC
8950 Cypress Waters Blvd.
Coppell, TX 75019

Audra K. DuPuch-Freeman
Attorney for Nationstar Mortgage LLC
Via ECF

Justina Martynaityte
Attorney for Ocwen Loan Servicing LLC
Via ECF

Exhibit A

**After Recording Return To:**
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

**This Document Prepared By:**

**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

**Parcel ID Number:**

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$352,000.00**                                    Loan No:
Fair Market Value on Original Loan: **$440,000.00**                Investor Loan No:
Current UPB: **$335,553.49**
Certified Existing Debt: **$341,803.21**
New Money: **$0.00**
**New Loan Amount: $341,803.21**
Fair Market Value on New Loan: **$387,400.00**
**Interest only, Current UPB is being reduced to the amount of**
**the Certified Existing Debt.**

# LOAN MODIFICATION AGREEMENT
## (Providing For Fixed Interest Rate)
### Modification of Trust
**THIS LOAN MODIFICATION IS EXEMPT FROM THE TAXES IMPOSED BY VIRGINIA CODE §58.1 – 803 (D) PURSUANT TO VIRGINIA CODE §58.1-809.**

This Loan Modification Agreement ("Agreement"), made this 20th day of April, 2016, between **HENRY JOHNSON** ("Borrower") and **NATIONSTAR MORTGAGE LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated _____, ____ and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **N/A**,  of the Official Records of _____ **County, VA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**131 HEDGEROW LN, YORKTOWN, VA 23693,**
(Property Address)
the real property described being set forth as follows:


In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):




LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument          Form 3179 1/01 (rev. 4/14)
8300a 08/14                                                                                                                          *(page 1 of 5)*

1.  As of **April 1, 2016**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$341,803.21**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.000%**, from **April 1, 2016**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,428.53**, beginning on the **1st** day of **May, 2016**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **4.000%** will remain in effect until principal and interest are paid in full. If on **April 1, 2056** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.  Borrower understands and agrees that:

    (a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)  All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument



LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300a 08/14

Form 3179 1/01 (rev. 4/14)
*(page 2 of 5)*

shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law.  Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [  ].

(g)    Borrower hereby absolutely and unconditionally assigns and transfers to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon this assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion.  As used in this paragraph, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold estate.

Borrower hereby absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable.  Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given





LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300a 08/14

Form 3179 1/01 (rev. 4/14)
(page 3 of 5)

Borrower notice of default under this Agreement, pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9 of the Security Instrument.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

6. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

7. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in County, VA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument





LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300a 08/14

Form 3179 1/01 (rev. 4/14)
(page 4 of 5)

is $335,553.49. The principal balance secured by the existing security instrument as a result of this Agreement is $341,803.21, which amount represents the excess of the unpaid principal balance of this original obligation.

**In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, I will remain liable for and bear my own attorney fees and cost incurred in connection with any such action(s).**

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
**HENRY JOHNSON** -Borrower

**NATIONSTAR MORTGAGE LLC**

By: _____(Seal) - Lender
Name: _____
Title: **Assistant Secretary**

_____
Date of Lender's Signature





LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument      Form 3179 1/01 (rev. 4/14)
8300a 08/14                                                                                                 (page 5 of 5)