### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| **In re: Henry Hugh Johnson** | **Case No. 15-50928-FJS** |
| **Debtor** | **Chapter 13** |

_____

**Nationstar Mortgage, LLC**
**Movant,**

**v.**

**Henry Hugh Johnson**
**And**
**Michael P. Cotter, Trustee**
        **Respondents.**

_____

### ANSWER TO MOTION FOR RELIEF FROM STAY

COMES NOW, Henry Hugh Johnson ("Debtor"), by and through counsel, and file the following Answer to the Motion for Relief filed by Nationstar Mortgage, LLC, (the "Movant") and in support thereof state as follows:

1. Admit.

2. Admit.

3. Admit.

4. The attached documents speak for themselves and this paragraph makes no affirmative allegations requiring a response.

5. The attached documents speak for themselves and this paragraph makes no affirmative allegations requiring a response.

Lorin D. Hay (VSB# 16921)
Barry W. Spear (VSB# 39152)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor

6. Deny. The Debtor believes he is current. Debtor entered into a loan modification with Movant. The motion to approve the loan modification was filed on July 1, 2016. On November 8, 2016, the Court entered the order granting to motion to approve the loan modification. The approved loan modification agreement stated that starting May 1, 2016 the Debtor's payments are $1,428.53 for principal and interest, plus $471.80 as initial escrow, for a total monthly payment of $1,900.33. The Motion and the payment history attached do not reflect the approved loan modification payments. Counsel for the Debtor requested an updated payment history to reflect the approved loan modification on June 6, 2017, and a follow up request on June 12, 2017. Without an updated payment history reflecting the approved loan modification payment, the Debtor is unable to determine where the Movant alleges that payments were missed.

7. The attached documents speak for themselves and this paragraph makes no affirmative allegations requiring a response.

8. The attached documents speak for themselves and this paragraph makes no affirmative allegations requiring a response.

9. The attached documents speak for themselves and this paragraph makes no affirmative allegations requiring a response.

10. This paragraph requires no response.

11. Deny. Cause does not exist to lift the automatic stay.

12. This allegation does not require a response.

WHEREFORE, the Debtor prays for an order denying the requested relief from the automatic stay, denying an award of attorney's fees and costs, and for such other

and further relief the Court may deem just and proper.

**Henry Hugh Johnson**

 /s/ Lorin D. Hay\_\_\_\_\_
Barry W. Spear (VSB#39152)
Lorin D. Hay (VSB# 16921)
Convergence Center III
Boleman Law Firm, P.C.
272 Bendix Road, Suite 330
Virginia Beach, VA  23452
Telephone (757) 313-3000
Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on June 14, 2017, a true copy of the foregoing document was served via the CM/ECF system upon Malcolm B. Savage, III, Esquire, Counsel for the Movant, and upon Michael P. Cotter., Chapter 13 Trustee.

 /s/ Lorin D. Hay
Counsel for Debtor